BROWER, Sheriff &c., vs. SMITH and another.

Books of account are no such evidence of debt, that the seizure of them by an officer under an attachment, or their delivery to him in pursuance of a judgment against a garnishee in the attachment suit, will constitute an attachment of the debts mentioned in them, or enable him to maintain an action for such debts under subdivision 4, sec. 54, ch. 130, R. S.

APPEAL from the Circuit Court for *Dodge* County.

The case is stated in the opinion of the court. Judgment in the circuit court for the plaintiff; from which the defendants appealed.

*E. Mariner*, for appellants.

*Smith & Ordway*, for respondent.

*By the Court*, PAINE, J. The Dodge County Bank made an assignment to Lewis & Schuyler, and delivered to them, among other things, its books of account. Kellogg & Larke sued the bank, and summoned Lewis & Schuyler as garnishees. They recovered judgment against the bank, and it was also adjudged, as against the garnishees, that the assignment to them was void, and that the property they held was the property of the bank, and they were ordered to deliver it over to the sheriff, which they did. The defendants in this suit were indebted to the bank, as appeared by its books of account, and this action is brought by the sheriff to recover that debt.

Subdivision 4 of section 54, chap. 130, R. S., concerning attachments, provides that until the judgment is paid, "the sheriff may proceed to collect the notes and *accounts* and other evidences of debt that may have been seized or attached by virtue of the attachment, or that may have been delivered up by any person summoned as garnishee," &c. And the question is, whether the account against these defendants has been so attached as to enable the sheriff to maintain this action.

The respondent contends that this result follows from the mere fact that he has obtained possession of the books of account of the bank, and that the possession of those gives the

same right to maintain suits for the accounts appearing in them,. as would the seizure of a promissory note due the bank, to maintain a suit on that. This conclusion is based upon the claim that books of account are evidences of debt, and that our statute defines property as including evidences of debt. But we are of the opinion that books of account are not such evidences of debt, that the mere obtaining possession of them by an attaching officer constitutes any attachment of the debts mentioned in them. Those evidences of debt which may be attached by mere seizure, are only those which are complete and perfect evidences in themselves. But account books are not such. They are not evidence at all until certain facts are established in respect to them by the oath of the party keeping them, or of the person who made the entries; and in no case are they evidence of the payment of money beyond the amount of five dollars in one item. R. S., chap. 137, secs. 88, 89. We are of the opinion, therefore, that the mere obtaining possession of these books, did not vest in the sheriff any right to bring this suit.

The respondent relies on the language already quoted from sec. 54, to the effect that the sheriff shall " proceed to collect the notes and *accounts*, &c., which may have been seized and attached, or *may have been delivered up by any garnishee.*" But certainly it could never have been designed to give any greater effect to the possession of the account books when obtained from a person who happened to have them in his possession as garnishee, than would have been given if the sheriff had taken them from the custody of the attachment debtor himself. The phrase " that may have been delivered up by any person summoned as garnishee," must be construed as applicable only to those kinds of property of which possession alone would establish the right, as notes and other instruments, in accordance with the maxim, *reddendo singula singulis.*

Our conclusion seems to be placed beyond any doubt by the provisions of section 13, which point out specifically how "a

. debt or other property incapable of manual delivery to the sheriff," may be attached, which in the case of a debt is, by leaving a certified copy of the attachment with the debtor, with a notice showing the property levied on.  Now, if any other creditors of the bank, after the sheriff got possession of the account books, had attached the debt due from these defendants, by complying with this section,  it is evident their attachment would have held it, as against this action, if priority is to  be allowed at all among creditors of such a corporation. It would be clearly so, if the attachment debtor was an individual.   And yet it would be so only because the prior possession of the account books of the debtor did not  constitute any attachment of the debts appearing in them.

For these reasons, we think the  debt due from these defendants, has not been attached, as there is no pretense that section 13 was complied with; and consequently that this action cannot be sustained.

The judgment is reversed, with costs, and the cause remanded for a new trial.