CHRIST ELSER v. ANDREW ROMMEL, GARNISHEE OF WALKER & LETHERBY.

*Garnishment—Summons to show cause—Draft in hands of garnishee.*

1. Where, at the close of the examination of a garnishee defendant in justice's court, the time for staying execution upon and of

appeal from the judgment theretofore rendered against the principal defendant has expired, the plaintiff may file his declaration against the garnishee defendant without issuing a summons to show cause.

2. A draft purchased by a firm of liquor dealers, and made payable to the treasurer of the proper county, and delivered to a third person for delivery to the payee in payment of their liquor tax, is held subject to garnishment at the suit of their creditors while in the hands of such third person.

Case made from St. Joseph. (Loveridge, J.) Submitted on briefs October 27, 1893. Decided December 8, 1893.

Garnishment proceedings. Plaintiff assigns error. Reversed. The facts are stated in the opinion.

*T. C. Carpenter*, for appellant.

*Charles A. Sturges*, for defendant.

HOOKER, C. J. This case comes to this Court upon case made.

Plaintiff secured a judgment for $50 in justice's court against Walker & Letherby, copartners. He garnished the defendant after the judgment was rendered. Upon return of the garnishee summons, the plaintiff declared against the garnishee defendant immediately. The garnishee defendant declined to plead, and moved to dismiss the proceedings for the following reasons:

"1. The said court has no jurisdiction.

"2. The proceedings herein had were not authorized by the statutes of the State of Michigan.

"3. The court has no jurisdiction to enter a judgment against the garnishee defendant in the proceedings had in this action.

"4. No proper declaration has been filed in these proceedings.

"5. Because, under the laws of Michigan, drafts payable to the order of another are not liable in the hands of a third person,—a carrier.

"6. The disclosure of the garnishee fails to make out a *prima facie* case.

"The garnishee defendant therefore objects to any judgment being entered against him in the above cause."

Judgment was rendered in favor of the plaintiff, and the defendant appealed to the circuit court, when, upon the trial, the same objections were made. The court heard the proofs in the case, and rendered judgment for the defendant. No request was made for findings of fact and law, but the court files an opinion, which he considered sufficient for the purpose of review. Exceptions were taken to his conclusions upon the law, but not to the findings of fact, which are as follows:

"In this case there is little or no conflict in the facts, which I find to be as follows, viz.:

"On the 12th day of April, 1892, the plaintiff, Christ Elser, obtained judgment in the justice's court for $50 damages and $3.25 costs against Jose Walker and James Letherby, liquor dealers at Sturgis, Mich. April 28, thereafter, said James Letherby bought of the National Bank of Sturgis draft No. 30,057, which read as follows, viz.:

"'$500. Pay to the order of Chas. E. Perrin, county treasurer, five hundred dollars.

"'[Signed]        WILLIAM M. ALLMAN, Cashier.
"'To the Chase National Bank of New York.'

"This draft, on the next day, was delivered to Andrew Rommel, the garnishee defendant, by Walker & Letherby for the purpose of being taken to Centreville to obtain a license to sell liquor from Charles E. Perrin, the county treasurer, to Walker & Letherby. While it was thus in his hands the writ of garnishment was issued, April 29, out of justice's court, returnable May 9, and served upon him. He went to the office of the treasurer, and obtained licenses for others, but, because of the garnishee proceedings, did not obtain one with the draft in question. He made a disclosure, and had it in his possession at that time. His disclosure in the justice's court, and his testimony upon the trial in the circuit court, state, in substance, that he received the draft as above stated;' that he regarded it as belonging to Charles E. Perrin; that he took it as carrier only; that after his disclosure he delivered it to the attorney for Letherby; and that he had no other property or effects in his hands, belonging to Walker & Letherby."

But two questions are raised:

1. Were the proceedings defective for want of a summons to show cause?

2. Was the draft subject to garnishment as the property of Walker & Letherby?

Section 7, chap. 276, How. Stat., provides that in certain cases the plaintiff may declare immediately after closing the examination of the garnishee; and when the judgment against the principal defendant has been rendered, and the time for staying execution and for appeal has expired, we think that such declaration may be filed at once, without the formality of a summons to show cause, as provided in section 10; otherwise, the word "immediately," in section 7, is without significance. The summons is necessary in other cases because of the indefinite adjournment provided for by section 7. The garnishee defendant has no other means of knowing that the judgment has not been paid, stayed, or appealed. But where the adjournment is not required by section 7 the garnishee defendant is before the court, and needs no further notice.

The court seems to have found that the draft was the property of Walker & Letherby. If so, no good reason is suggested for treating it differently from any other property. It is true that it was payable to a third party, but he had no right to or claim upon it. Walker & Letherby had. They were under no obligation to hand it over to Perrin, and could have found a way to collect the money represented by it. How. Stat. § 8047;[1] *Storm v. Cotzhausen,* 38 Wis. 139.

---

[1] Section 8047. "Whenever the garnishee shall pay or deliver to the officer having such execution any property which may be sold on an execution by existing laws, the officer shall proceed to levy upon and sell the same at public auction or vendue as in other cases; and if the garnishee shall deliver to such officer any notes, bills, bonds, or other choses in action, the officer shall return the same to the justice, to be retained in his hands for the use of the plaintiff, and the plaintiff may sue or collect the same, or so much thereof as may be necessary to pay the judgment against the

We must therefore reverse the judgment, and order a new trial.

The other Justices concurred.

defendant, and the costs. The balance, if any, shall be returned to the garnishee or the defendant. All bills, bonds, notes, accounts, and other choses in action received or delivered under the provisions of this section shall be taken subject to all liens, set-offs, rights, liabilities, and equities existing between the original parties thereto."

