[No. 6605.  Decided March 19, 1907.]

WASHINGTON BRICK, LIME & MANUFACTURING COMPANY, *Respondent*, v. TRADERS NATIONAL BANK, *Appellant*.[1]

GARNISHMENT—PROPERTY SUBJECT—DRAFTS. A draft is property and subject to garnishment within the meaning of the garnishment law.

SAME—OWNERSHIP OF PROPERTY—DRAFTS—BANKS AND BANKING— DEPOSITS. Where a draft is deposited with a bank which has a rule that in receiving collections it acted only as agent and assumed no responsibility beyond due diligence, the depositor receiving credit for the amount of the draft, but if the draft was not paid the amount was charged back, the ownership of the draft remains in the depositor, although he was allowed to check against it, as that was simply an accommodation extended; and upon garnishee process against the bank in an action against the depositor, it is properly found that, pending collection, an accepted draft deposited by the defendant is property of the defendant in possession of the garnishee.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 14, 1906, upon findings in favor of the plaintiff, against a garnishee defendant, after a trial on the merits before the court without a jury. Affirmed.

*Graves, Kizer & Graves*, for appellant. The bank was the owner of the draft. *St. Louis etc. R. Co. v. Johnston*, 27 Fed. 243; *Metropolitan Nat. Bank v. Loyd*, 90 N. Y. 530; *First Nat. Bank v. Armstrong*, 39 Fed. 231; *National Commercial Bank v. Miller*, 77 Ala. 168, 54 Am. Rep. 50; *Fourth Nat. Bank of Cincinnati v. Mayer*, 89 Ga. 108, 14 S. E. 891; *Perth Amboy Gaslight Co. v. Middlesex County Bank*, 60 N. J. Eq. 84, 45 Atl. 704; *Higgins v. Hayden*, 53 Neb. 61, 73 N. W. 280; 2 Morse, Banks & Banking (3d ed.), §§ 575-577. The draft was not property within the meaning of the garnishment statute. Rood, Garnishments, §§ 163, 164;

[1]Reported in 89 Pac. 157.

*Bowman v. First Nat. Bank*, 9 Wash. 614, 38 Pac. 211, 43 Am. St. 870; *Hallam v. Tillinghast*, 19 Wash. 20, 52 Pac. 329; *Price v. Brady*, 21 Texas 614; *Hancock v. Colyer*, 99 Mass. 187, 96 Am. Dec. 730; *Gilmore v. Carnahan*, 81½ Pa. St. 217; *Grosvenor v. Farmers and Mechanics' Bank*, 13. Conn. 104; *Hanford v. Hawkins*, 18 R. I. 432, 28 Atl. 605; *Fletcher v. Fletcher*, 7 N. H. 452, 28 Am. Dec. 359; *Morton v. Grafflin*, 68 Md. 545, 13 Atl. 341, 15 Atl. 298; *Craft v. Summersell*, 93 Ala. 430, 9 South. 593; *Scofield v. White*, 29 Vt. 330; 5 Cyc. 500; *Hobbs v. Merrifield*, 6 Ky. Law 660; *Mayes v. Phillips*, 60 Miss. 547; *Wilson v. Wood*, 34 Me. 123. The statute was borrowed from Texas legislation, already construed by the Texas courts.  *Price v. Brady, supra; Taylor v. Gillean*, 23 Tex. 508; *Tirrill v. Canada & Rice*, 25 Tex. 455; *Carter v. Bush*, 79 Tex. 29, 15 S. W. 167; *Womack v. Stokes*, 12 Tex. Civ. App. 648, 35 S. W. 82.

*Hamblen, Lund & Gilbert*, for respondent.  The relation of debtor and creditor existed between the bank and the drawer of the draft.  Morse, Banks & Banking, pp. 427, 587; 3 Am. & Eng. Ency. Law (2d ed.), p. 817; *In Re State Bank*, 56 Minn. 119, 57 N .W. 336, 45 Am. St. 454; *Alpine Cotton Mills v. Weil*, 129 N. C. 452, 40 S. E. 218; *Armour Packing Co. v. Davis*, 118 N. C. 548, 24 S. E. 365; *Beal v. Somerville*, 1 C. C. A. 598, 50 Fed. 647; *Balbach v. Frelinghuysen*, 15 Fed. 675; *Jacob v. First Nat. Bank*, 5 Ohio Dec. 572, 6 Am. Law Rec. 690; *Decatur Nat. Bank v. Murphy*, 9 Ill. App. 112; *Mechanics' Bank v. Earp*, 4 Rawle (Pa.) 383; *Armstrong v. National Bank of Boyertown*, 9 Ky. 431, 14 S. W. 411, 9 L. R. A. 553; *National Butchers' & Drovers' Bank v. Hubbell*, 117 N. Y. 384, 22 N. E. 1031, 15 Am. St. 515, 7 L. R. A. 852; *National Gold Bank & Trust Co. v. McDonald*, 51 Cal. 64, 21 Am. Rep. 697; *Manufacturers' Nat. Bank v. Continental Bank*, 148 Mass. 553, 20 N. E. 193, 12 Am. St. 598, 2 L. R. A. 699; *Hazlett v. Commercial Nat. Bank*, 132 Pa. St. 118, 19 Atl. 55; *Rapp v. National*

*Security Bank*, 136 Pa. St. 426, 20 Atl. 508; *Second Nat.*
*Bank of Columbia v. Cummings*, 89 Tenn. 609, 18 S. W.
115, 24 Am. St. 618.   The draft was "property" in the
hands of the garnishee under our garnishment laws.   Pierce's
Code, §§ 545, 546, 551, 553, 557 (Bal. Code, §§ 5392,
5393, 5398, 5400, 5404); *Moore v. Gilmore*, 16 Wash. 123,
47 Pac. 239, 58 Am. St. 20; *Trowbridge v. Spinning*, 23
Wash. 48, 62 Pac. 125, 83 Am. St. 806, 54 L. R. A. 204;
*McDaniels v. Connelly Shoe Co.*, 30 Wash. 549, 71 Pac. 37, 60
L. R. A. 947; *Kohn v. Fishbach*, 36 Wash. 69, 78 Pac. 199,
104 Am. St. 941; *Focke v. Blum*, 82 Tex. 436, 17 S. W. 770;
*Coombs v. Davis*, 2 Wash. Ter. 466, 7. Pac. 860; *Storm v.*
*Cotzhausen*, 38 Wis. 139; *Burgess v. Capes*, 32 Ill. App.
372; *Kenosha Stove Co. v. Shedd*, 82 Iowa 540, 48 N. W.
933; *National Bank of Galena v. Chase*, 71 Iowa 120, 22
N. W. 202; *Gillette v. Cooper*, 48 Kan. 632, 30 Pac. 13;
*Elser v. Rommel*, 98 Mich. 74, 56 N. W. 1107; *Leighton v.*
*Heagerty*, 21 Minn. 42; Rood, Garnishments, §§ 165, 166;
*Smith v. Traders' Nat. Bank*, 74 Tex. 457, 12 S. W. 113;
*Stevens v. Dillman*, 86 Ill. 233; *Puget Sound Nat. Bank of*
*Everett v. Mather*, 60 Minn. 362, 62 N. W. 396; *Edwards v.*
*Beugnot*, 7 Cal. 162; *Deering & Co. v. Richardson-Kimball*
*Co.*, 109 Cal. 73, 41 Pac. 801; *Banning v. Sibley*, 3 Minn.
389; *La Crosse Nat. Bank v. Wilson*, 74 Wis. 391, 43 N. W.
153; *Ide v. Hardwood*, 30 Minn. 191, 14 N. W. 884.

DUNBAR, J.—Respondent brought suit against Taplin,
Rice & Company, a foreign corporation, and at the time of
bringing the suit, on September 6, 1905, likewise garnished
the appellant by service of writ of garnishment in the usual
form.   Appellant answered, denying that it was indebted to
the defendant Taplin, Rice & Company, or that it had any
goods or effects of said defendant.   Respondent filed a con-
troverting affidavit, alleging that, at the time of the service
of the writ upon it, appellant had in its possession a draft
drawn by defendant upon the Spokane Pottery Company, in

favor of the Second National Bank of Akron, Ohio, in the sum of $1,419, which draft was accepted by the drawee on August 26, 1905, and paid to the appellant September 17, 1905. The controverting affidavit being taken as denied without further pleading, under the statute, trial was had. Judgment in favor of respondent against defendant Taplin, Rice & Company having theretofore been obtained by default, the trial of the issue between respondent and appellant was had, and judgment rendered by the court in favor of respondent for the full amount demanded.

The court found, and the record sustains the findings, that at the time of the service of the writ of garnishment upon the garnishee defendant, the garnishee defendant had in its possession and under its control a certain draft drawn by Taplin, Rice & Company, a corporation, in favor of the Second National Bank of Akron, Ohio, upon the Spokane Pottery Company, dated August 19, 1905, for the sum of $1,419, which said draft was accepted by the Spokane Pottery Company on August 26, 1905, payable September 17, 1905; and found, as a conclusion of law, that the draft so made and accepted was the property of said Taplin, Rice & Company. It also found that Taplin, Rice & Company, at the time of the service of the writ of garnishment, was indebted to the respondent in the sum of $291, and interest at the legal rate since January 1, 1900. The record shows that the draft was drawn by Taplin, Rice & Company and that, pending its collection, Taplin, Rice & Company was permitted by the bank to check against the amount of the draft, and on this statement it is claimed by the appellant that the court erred in holding the draft to be the property of Taplin, Rice & Company instead of the property of the Akron bank. It is also insisted by the appellant that a draft is not property within the meaning of the garnishment statute, and is not the subject of garnishment. An examination of the statute convinces us that it is broad enough to cover a draft, and that there was no error by the court in that particular.

On the principal question in controversy there is some conflict of authority, and without reviewing the cases cited by appellant and respondent respectively, we think it is settled, and correctly settled on principle, that the test of the ownership of the draft must be the responsibility for the draft. In this case it was testified by the assistant cashier of the Arkon bank that the bank had a rule to the effect that, in receiving collections, it acted only as an agent and did not assume any responsibility beyond due diligence on its part. The witness also testified that, in cases where drafts were given as this one was, and the depositor of the draft was credited with the amount of the draft, if the draft was paid that ended the matter, and that there was no charging back; but that if the draft was not paid, the amount of the draft was charged back to the party who drew the same. While the witness undertook to define agency, the facts that he testified to showed conclusively that the bank in its dealings in all this class of cases did act as the agent instead of the owner of the paper which it assumed to collect, and that it always charged the amount of the draft back to the drawer when it failed to make the collection. The bank either relies upon the draft or it does not rely upon it. If it does so rely absolutely, and the drawer of the draft obtains unconditional credit, then the condition of debtor and creditor is established. The draft is the property of the bank, and the credit is the property of the maker of the draft, who has no further interest in the draft nor responsibility for it. But this cannot be, even if the maker of the draft is permitted to check against it, if the understanding is that, if the bank fail to collect the draft, the amount is to be charged back to the maker; for the credit in such case is really given to the maker, who is held responsible ultimately, and the permission to check against it is simply an accommodation extended to the maker, and the draft is taken only as additional security, indicating to some extent the responsibility of the maker.

Under the circumstances of this case and the rules and customs of the bank as shown by the record, we think no error was committed by the court, and the judgment is affirmed.

HADLEY, C. J., ROOT, FULLERTON, MOUNT, and CROW, JJ., concur.