GRAHAM, Respondent, vs. ZELLERS, Appellant (COMMERCIAL EXCHANGE BANK and another, Garnishee defendants).

*September 17—October 13, 1931.*

For the appellant there was a brief by *Shannon & Higgins* of Kenosha, and oral argument by *F. J. Shannon*.

*Julius Goldstein* of Kenosha, for the respondent.

FAIRCHILD, J. The ruling denying the defendant Zellers the right to ask for a dismissal of a garnishment action was based on his failure to have interposed a pleading. It appears without dispute that the instrument on which the proceedings are based and out of which the indebtedness grew was a negotiable note. After the garnishee defendant had served and filed his answer showing liability to be based upon the promissory note, the plaintiff took issue with such answer, and under sec. 267.12, Stats., the issue stood for trial as a civil action, "in which the affidavit on the part of the plaintiff shall be deemed the complaint and the garnishee's affidavit the answer thereto." Under the practice in this state a necessary party to an action, even though in default, may at the time of trial or on appeal interpose proper objections to the judgment. *State v. Citizens Ins. Co.* 71 Wis. 411, 37 N. W. 348; *Badger L. Co. v. Stern,* 123 Wis. 618, 101 N. W. 1093.

There is nothing in the statute governing proceedings in garnishment which requires the principal defendant to interpose formal pleadings in order to protect his rights, and sec. 267.14 provides that he may defend "upon any ground upon which a garnishee might defend the same; and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests."

As to the conclusion reached, that the note, because of its being past due, was no longer under the exception created by sec. 267.18, the language of this section disposes of the contention. It reads:

"No judgment shall be rendered upon a liability of the garnishee arising either: (1) by reason of his having drawn, accepted, made, indorsed, or guaranteed any negotiable bill, draft, note or other security."

The proceedings under garnishment are purely statutory, and the unambiguous language used makes it impossible to base a garnishment action under the circumstances here

disclosed on liability growing out of the drawing, making, indorsing, or guarantecing of a negotiable instrument. *Davis v. Pawlette,* 3 Wis. 300; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 668, 106 N. W. 821.

It follows that the court was without power to hold the garnishee maker of a negotiable promissory note liable to garnishment even though the note was past due and the defendant the original payee therein.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.