SKALECKI, Plaintiff and Appellant, v. FREDERICK, Defendant and Respondent: HOOVER, Garnishee Defendant.

*June 6—July 1, 1966.*

498

For the appellant there was a brief and oral argument by *Francis R. Bannen* of Wisconsin Dells.

For the respondent there was a brief by *Kennedy & Kennedy* of Rhinelander, and oral argument by Robert A. *Kennedy*.

BEILFUSS, J. Because this appeal comes before us without a transcript of the reporter's notes, the scope of our review must be confined to the record before us. We cannot review the sufficiency of the evidence to support the findings of fact. Our consideration is limited to the question of whether the pleadings and the findings of fact support the judgment.[2]

Briefly stated, the plaintiff gave his own check made payable to the garnishee defendant with the understanding that the proceeds would be paid to the principal defendant, and before the check was endorsed or cashed commenced the garnishment action to aid in the collection of a debt owed to him by the principal defendant.

The trial court found that the check was received and "accepted" as a negotiable instrument and as such not subject to garnishment, and that the check was merely evidence of a debt and the funds still property of the plaintiff Skalecki. Upon these findings a judgment was entered dismissing the garnishment action and ordering the funds (the check had been cashed and the proceeds deposited with the clerk) paid to the principal defendant.

The issue to be determined is whether the check, as a negotiable instrument, in the hands of the garnishee defendant was subject to garnishment.

Sec. 267.01 (1), Stats., provides:

"Any creditor may proceed against any person . . . who shall be indebted to or have any property in his possession or under his control belonging to such creditor's debtor, in the cases, upon the conditions and in the manner prescribed in this chapter."

One of the exceptions to the broad language of sec. 267.01 (1), Stats., is contained in sec. 267.18:

"**Nonliability as garnishee; judgment when rendered.** No person shall be liable as garnishee:

---

[2] *Stelloh v. Liban* (1963), 21 Wis. (2d) 119, 122, 124 N. W. (2d) 101; *Gray v. Wisconsin Telephone Co.* (1966), 30 Wis. (2d) 237, 243, 140 N. W. (2d) 203.

"(1) By reason of his having drawn, accepted, made, indorsed or guaranteed any negotiable instrument; or

". . .

"(4) By reason of any thing owing by him upon a contingency."

Defendant-respondent Frederick contends that there is no statutory authorization for garnisheeing checks, and that if there was, this check is specifically excluded because it was accepted by the garnishee defendant Hoover as provided in sec. 267.18 (1), Stats.

Ch. 267, Stats., does not specifically provide for garnishment of checks or other negotiable instruments. The general rule is that in the absence of statutory authorization garnishment will not lie since it was unknown to the common law and is completely statutory. *Mahrle v. Engle* (1952), 261 Wis. 485, 53 N. W. (2d) 176; *Commercial Investment Trust v. Wm. Frankfurth Hardware Co.* (1922), 179 Wis. 21, 190 N. W. 1004; *Graham v. Zellers* (1931), 205 Wis. 547, 238 N. W. 387; *Mattek v. Hoffmann* (1956), 272 Wis. 503, 76 N. W. (2d) 300; *Markman v. Becker* (1959), 6 Wis. (2d) 438, 95 N. W. (2d) 233.

Sec. 267.01, Stats., however, allows garnishment of any "property" in the hands of a third person belonging to the defendant. We conclude "property" is a word sufficiently broad to encompass a negotiable instrument.

While this question has not been the subject of much litigation, there is authority for the conclusion that "property" within the garnishment statutes includes negotiable instruments, and more particularly checks. *La Crosse Nat. Bank v. Wilson* (1889), 74 Wis. 391, 43 N. W. 153; *Storm v. Cotzhausen* (1875), 38 Wis. 139.[3]

In *Storm v. Cotzhausen* the court stated (p. 144), "Our statute renders liable to attachment and to garnishment on execution, 'the property, credits and effects' of the

[3] Also see *Clawson v. State* (1906), 129 Wis. 650, 109 N. W. 578; and *Will of Gunderson* (1927), 191 Wis. 557, 562, 211 N. W. 791.

debtor in the hands or possession of a third person; and this language is sufficiently broad and comprehensive to include a draft or other chose in action."

And in the *La Crosse National Bank Case* it was said (p. 397), "The contention that the draft, notes, etc., could not be reached by garnishment by reason of their character as such is certainly untenable."

The conclusion is further bolstered by the language of the statute itself. Sec. 267.18 (1), Stats., excludes from liability persons who have "drawn, accepted, made, indorsed or guaranteed any negotiable instrument." The specific statutory exclusion of instances where liability will not exist for an act with regard to a negotiable instrument implies that in other instances liability will exist. The statute does not say that negotiable instruments may not be a subject of garnishment. The statute clearly implies that, generally, negotiable instruments are a proper subject for garnishment.[4]

The plaintiff-appellant contends that the check was not accepted within the meaning of the statute. He argues that acceptance is an act performed by the bank on which it is drawn, thus honoring it for payment. Respondent Frederick, on the other hand, argues that acceptance is merely the voluntary act of a person in taking physical possession of the check.

---

[4] 6 Am. Jur. (2d), Attachment and Garnishment, pp. 667, 668, 669, sec. 150, states that statutes of some states allow garnishment of negotiable instruments while others prohibit it. The text goes on to state that in several states the term "property" has been held to include negotiable instruments. "Negotiable instruments have been held to be attachable under the terms 'property,' 'personal property,' or 'movable property'; . . ." See *Nordyke v. Charlton* (1899), 108 Iowa 414, 79 N. W. 136; *Fishburn v. Londershausen* (1907), 50 Or. 363, 92 Pac. 1060; *Washington Brick, Lime & Mfg. Co. v. Traders Nat. Bank* (1907), 46 Wash. 23, 89 Pac. 157. *Contra*, *William Deering & Co. v. Richardson-Kimball Co.* (1895), 109 Cal. 73, 41 Pac. 801. See also 41 A. L. R. 1003 and 38 C. J. S., Garnishment, pp. 312, 313, sec. 105.

The statute uses the term "accept" in a context in which it appears to be intended to have a specialized meaning. The statute deals with negotiable instruments, and it uses other technical terms—"make," "draw," "guarantee," "indorse."

"Acceptance" in relation to a negotiable instrument "is a promise to pay it according to its terms, and a promise to pay, coupled with a condition changing the terms, is not an acceptance." 1 Words and Phrases (perm. ed.), pp. 391, 392.

Similarly, "acceptance" is "the signification by the drawee of his assent to the order of the drawer." 1 Words and Phrases (perm. ed.), p. 392. The drawee is, of course, the bank in this case.

Additional support for the conclusion that acceptance is to be given the technical meaning is derived from the statute itself. The section is designed to prevent the possibility of double liability on the part of the garnishee defendant. If a person were liable as garnishee defendant for merely drawing, accepting, endorsing, making, or guaranteeing a negotiable instrument, he could also be liable to the person holding the instrument. Thus, he might pay twice. The statute is designed to impose liability on the person who maintains actual possession of the property, not on persons who have performed some act in relation to that property.

Several sections of the statutes define "acceptance" in a technical sense. Sec. 118.07, Stats., now repealed by the Uniform Commercial Code, but in effect at the time of the commencement of this action, provides:

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money."

Sec. 403.410 (1), Stats., which is one of the sections replacing sec. 118.07, provides:

"Acceptance is the drawee's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his signature alone. It becomes operative when completed by delivery or notification."

This section of the garnishment chapter (sec. 267.18 (1), Stats.) deals with negotiable instruments. Secs. 118.07, Stats. 1963, and the new sec. 403.410 (1) also specifically refer to negotiable instruments. In construing these statutes we must consider them to be *pari materia*.

We conclude, therefore, that acceptance is an act of the drawee and that the garnishee defendant, Hoover, did not accept the check within the meaning of sec. 267.18 (1), Stats.

Sec. 267.18 (4), Stats., excepts persons from liability as garnishee "by reason of any thing owing by him on a contingency."

The defendant-respondent Frederick contends that the debt owing to him from the garnishee defendant Hoover was contingent. There is nothing in the record to support this contention—on the contrary, the garnishee answer specifically states it was not contingent. The findings of the trial court do not find that the debt was contingent, therefore this contention must fail.

The trial court concluded that the check was merely evidence of a debt and as such not subject to garnishment. This conclusion cannot stand in view of the holding of this court in *Storm v. Cotzhausen, supra.* In *Storm* the court stated (p. 144) :

"In that case [*Brower, Sheriff v. Smith* (1863), 17 Wis. 422 (\*410)] it was held 'that books of account are not such evidence of debt, that the mere obtaining possession of them by an attaching officer constitutes any attachment of the debts mentioned in them. Those evidences of debt which may be attached by mere seizure, are only those which are complete and perfect evidences in themselves.' A draft is within the rule here stated—being a complete and perfect evidence of debt in itself, and a

written request or order by the drawer upon the drawee to pay it on sight."

This language certainly applies to the check in question. The trial court erred in holding the check to be mere evidence of a debt not subject to garnishment until negotiated by Hoover.

Defendant-respondent Frederick argues that plaintiff Skalecki was trustee of the funds for Frederick and that there was a conspiracy between Skalecki and Hoover to deprive Frederick of his money. The act of the plaintiff in garnisheeing the proceeds of the check drawn by himself does, unexplained, seem to be unusual—however, we find nothing in the statute to prohibit this procedure. If there was a conspiracy to defraud or illegally deprive Frederick of the funds represented by the check, it was incumbent upon him to come forward with proof to that effect and to provide a transcript of the testimony so that the matter could be reviewed.[5] There are no findings in this regard and there is no transcript of testimony here to support these allegations. They must be deemed, on the basis of this record, to be unsupported by any facts.

We conclude that the garnishee defendant did not "accept" the check within the meaning of sec. 267.18, Stats., and that the check was "property" in the hands of Frederick subject to garnishment.

*By the Court.*—Judgment reversed, with directions to order judgment for the plaintiff.

---

[5] Correspondence in the file of the clerk of this court reveals that counsel for Frederick did complain that the appellant did not furnish a transcript of the testimony. The clerk advised: ". . . it appears to me that you have two alternatives. One is to take action yourself to have the transcript forwarded by supplemental return and the other is to make a motion that the appellant be required to correct the defective record in accordance with Section 251.30. The motion should be filed under the procedure described in Section 251.71. . . ." No motion nor transcript followed.