MOSKOWITZ, Receiver, Plaintiff and Respondent, v. MARK (PETER), Defendant: VANDER HEYDEN, Garnishee Defendant and Appellant: MARK (MARIAN), Garnishee Defendant.

*No. 59. Argued November 25, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 175.)

---

[14] (1962), 17 Wis. 2d 310, 116 N. W. 2d 142.
[15] (1938), 229 Wis. 151, 282 N. W. 89.

For the appellant there was a brief and oral argument by *Larry J. Ratzel* of Milwaukee.

For the respondent there was a brief and oral argument by *Henry C. Friend* of Milwaukee.

ROBERT W. HANSEN, J. The plaintiff-respondent argues that a state court receiver, who is subrogated to the rights of creditors, is authorized by statute to pursue "provisional remedies," [1] that garnishment has been termed a provisional remedy, [2] and that a court-appointed receiver may and should be able to bring actions of garnishment to carry out his duty to gather in the assets of the estate.

Garnishee defendant-appellant counters with the reminder that while garnishment is an action [3] it is not a cause of action [4] and the contention that plaintiff-respondent has not met the statutory requirements for the commencement of a garnishment action. [5]

---

[1] Sec. 128.11. "**Provisional remedies.** In all actions authorized by this chapter appropriate provisional remedies may be had and final relief administered to the equal distribution of all assets recovered among the creditors of the debtor, and the court may make such orders for the payment of costs and expenses as may be just. An action or proceeding authorized herein for the benefit of all creditors may be taken by a creditor although his demand is not due at the commencement thereof."

[2] *Mahrle v. Engle* (1952), 261 Wis. 485, 488, 53 N. W. 2d 176.

[3] *Wells v. American Express Co.* (1882), 55 Wis. 23, 11 N. W. 537, 12 N. W. 441.

[4] *Markman v. Becker* (1959), 6 Wis. 2d 438, 95 N. W. 2d 233.

[5] Sec. 267.02 (1) (a), (b), Stats. "**Garnishment before and after judgment; wages or salary.** (1) A plaintiff may commence a garnishment action at any time after:

"(a) A summons is issued: 1. In an action for damages founded upon contract, express or implied (or in a contract action where a writ of attachment could issue on demands not yet due under s. 266.03 (3)). 2. In an action upon a judgment. 3. In a tort action where a writ of attachment could issue under s. 266.03 (2).

"(b) An execution upon an in personam judgment is issuable."

Sec. 267.05 "**Garnishee complaint before and after judgment; several garnishees.** (1) The garnishee complaint in a garnishment action before judgment must allege the existence of one

Garnishment was unknown to the common law and is entirely statutory.[6] In the absence of specific statutory authorization, garnishment does not lie. While a state court receiver is in the position of a creditor who has obtained a lien by judicial process,[7] he is not the holder of an in personam judgment against each and every debtor. The right to commence a garnishment action must be found within the provisions of the garnishment statute. The statute authorizing appointment of state court receivers creates no detour around or shortcut past the requirements of the garnishment statute as applied to garnishment actions. Unless and until a court-appointed receiver, as to a particular garnishee defendant, can meet the statutory requirements for initiating garnishment proceedings, this remedy is not available to him.

*By the Court.*—Order reversed with directions to enter judgment dismissing the complaint.

of the grounds for garnishment mentioned in s. 267.02 (1) (a) . . . .

"(2) The garnishee complaint in a garnishment action after judgment must allege the existence of the grounds for garnishment mentioned in s. 267.02 (1) (b) . . . ."

Sec. 267.16 (1) **"Principal action tried first; judgment.** (1) No trial shall be had of the garnishment action until the plaintiff has judgment in the principal action . . . ."

[6] *Skalecki v. Frederick* (1966), 31 Wis. 2d 496, 143 N. W. 2d 520.

[7] *In re Adams Machinery, Inc.* (1963), 20 Wis. 2d 607, 123 N. W. 2d 558.