JAMES KLAUSER, Secretary Wisconsin Department of Administration
You ask whether the State of Wisconsin may be sued as a garnishee defendant in actions to collect money judgments obtained against persons who are owed money for services rendered on contracts with state agencies. You illustrated your inquiry with the example of private attorneys who have been retained under contracts with the State Public Defender to provide legal defense for indigents in criminal proceedings and who have unpaid balances on account that private judgment creditors seek in order to satisfy money judgments taken against those attorneys. While I will address your specific example, I believe the principles discussed in this opinion apply to all garnishment actions involving independent contractors who provide goods or service that are not connected with public improvement projects. In brief; I am of the opinion that neither the state nor any public officer is amenable to suit in such garnishment actions.
Under Wisconsin law, garnishment is a remedy that is available only in an action separate from that confirming the judgment debtor's liability on an underlying obligation, be it in tort or contract. Sec. 812.01 (2a), Stats. The judgment creditor is seeking to reach monies owed to the judgment debtor by the state. In order to obtain that remedy, the judgment creditor must join the state as a garnishee defendant. The issue, then, is whether the doctrine of sovereign immunity precludes suits against the state under these circumstances.
It is well settled that the state may not be sued without the express consent of the Legislature. Wis. Const. art. IV, § 27;Lister v. Board of Regents, 72 Wis.2d 282, 240 N.W.2d 610
(1976); Townsend v. Wisconsin Desert Horse Asso., 42 Wis.2d 414,167 N.W.2d 425 (1969). Garnishment actions are generally viewed as suits that fall within the rule that states may not he sued without legislative *Page 18 
consent. See Annot., 114 A.L.R. 261 (1938); 6 Am. Jur. 2dAttachment and Garnishment § 78 (1963). Also, garnishments are purely a creature of statute and without statutory authorization will not lie. Skalecki v. Frederick, 31 Wis.2d 496, 502,143 N.W.2d 520 (1966). And being in derogation of common law, garnishment statutes are narrowly construed. Gerovac v. HribarTrucking, Inc., 43 Wis.2d 328, 168 N.W.2d 863 (1969); Mahrle v.Engle, 261 Wis. 485. 53 N.W.2d 176 (1952). Thus, the answer to your inquiry turns on whether the Wisconsin garnishment statute (ch. 812, Stats.) expressly authorizes suit against the state to recover money owed to state contractors.
At the outset, it is clear that individual state officers having fiscal responsibilities in connection with the collection and disbursement of public monies are not liable as garnishees. Section 812.19 (3) provides that "[n]o person shall be liable as garnishee . . . by reason of any money in his hands as a public officer." And even if such state officer is named as the putative garnishee defendant, the suit is really one against the state.Appel v. Halverson, 50 Wis.2d 230, 184 N.W.2d 99 (1971). Further, money kept in the state treasury remains the state's money even though a contractor may be legally entitled to payment therefrom under the terms of the contract. See Weinstein, Bronfin Heller v. LeBlanc, 249 La. 936, 192 So.2d 130, 134 (1966). Therefore, if such monies can be reached by judgment creditors, the liability as garnishee must rest with the state as a sovereign entity. As noted above, the creation and enforcement of such liability depends on express legislative consent to be found within the terms of the garnishment statute itself.
The garnishment statute specifically includes the state in only one situation, that is, the garnishment of the earnings of state officers and employes. Sec. 812.23, Stats. There is no mention of monies owed to state contractors. In strictly construing the garnishment statute, as I must, I conclude that the Legislature has not consented to garnishment of monies held by the state in any other circumstances. Courts in other jurisdictions have reached the same conclusion. For example, in Weinstein, Bronfin Heller v. LeBlanc, ibid., the Louisiana Supreme Court held that a state statute waiving sovereign immunity in garnishment actions involving "public employes and contractors" did not extend to a state officer, in that case a state senator, because a senator was not an employe of the state under Louisiana law. Similarly. private attorneys retained *Page 19 
under contract with the state are neither employes nor officers, but independent contractors. See OAG 10-86 (unpublished opinion). They hold no position within the classified or unclassified civil service and hold no public office.
Further support for the conclusion that the Legislature generally has not waived sovereign immunity with respect to garnishments involving independent contractors who provide goods or services to the state can be taken from the fact that the Legislature has created a specific remedy akin to garnishment in the case of contractors involved in public improvement projects. Under section 779.15, certain subcontractors, laborers and material suppliers may obtain and enforce liens on monies due prime contractors. Moreover, judgment creditors can reach those contract proceeds through the procedures in section 779.155, although that remedy is subordinate to valid liens asserted by qualified claimants under section 779.15. There is no parallel recourse available to judgment creditors against contract balances due independent contractors who are not engaged in public improvement work. In my opinion, such a remedy is a matter that must await legislative action; it cannot be read within existing statutes that are drawn narrowly to fit a limited class of contractors.
In conclusion, it is my opinion that the state is immune from suit in any garnishment action not involving a state employe or officer and, with the exception of those cases falling under sections 779.15 and 779.155, monies held in the state treasury on the account of independent contractors are not available to satisfy the judgment debts owed by them.
DJH:DSF *Page 20