HOMETOWN BANK, Plaintiff-Appellant,

Gordon J. JUNGWIRTH, Black Cat Smoke Stack Contractors and Jane Doe, Defendants,

WISCONSIN RESTORATION, INC. and Milwaukee Public Schools, Garnishees,

v.

ACUITY INSURANCE, Garnishee-Defendant-Respondent.

Court of Appeals

*No. 2007AP1048. Submitted on briefs December 13, 2007. —Decided February 20, 2008.*

2008 WI App 48

(Also reported in 748 N.W.2d 203.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Alexander L. Ullenberg* of *Ullenberg Law Offices*, Fond du Lac.

On behalf of the garnishee-defendant-respondent, the cause was submitted on the brief of *James W. Mohr, Jr.* of *Mohr & Anderson, LLC*, Hartford.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. ANDERSON, P.J. After winning a judgment against Gordon Jungwirth, Hometown Bank filed a nonearnings garnishment action against Acuity Insurance, Jungwirth's liability insurer. The circuit court granted Acuity's motion for summary judgment and awarded it $500 in statutory costs. Hometown appeals only the award of costs, contending that garnishment is an equitable action and WIS. STAT. § 814.02(2)

(2005–06)[1] limits fees in equitable actions to $100. We conclude that we need not determine here the nature of a true garnishment action. We affirm the award of costs as a proper exercise of discretion under WIS. STAT. § 814.036.

## BACKGROUND

¶ 2. The facts are straightforward and undisputed. Jungwirth is the owner and operator of Black Cat Smoke Stack Contractors (collectively, Jungwirth). In September 2006, the circuit court entered a default judgment in the amount of $11,067.62 against Jungwirth and in favor of Hometown. The judgment arose out of a debt Jungwirth owed Westra Construction for the rental of some construction equipment. Hometown owns Westra's accounts receivable. In November 2006, Hometown filed a nonearnings garnishment action, *see* WIS. STAT. ch. 812, subch. I, against Acuity.[2] Acuity answered and Hometown replied, thus joining issue. *See* WIS. STAT. § 812.14(2).

¶ 3. Hometown's garnishment action was based on the belief that Jungwirth made some repairs to a Milwaukee public school building as a subcontractor for Wisconsin Restoration, Inc. Hometown asserts it came across this information at a postjudgment supplemen-

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version.

[2] The complaint also listed as garnishees Wisconsin Restoration, Inc. and Milwaukee Public Schools. In 2005, Jungwirth subcontracted with Wisconsin Restoration to do some chimney work on an MPS building. MPS deducted approximately $2300 from its final payment to Wisconsin Restoration for damage it claimed occurred during the project. Wisconsin Restoration withheld the same amount, plus $680 for roof repairs, from what it owed Jungwirth on the subcontract.

tal examination where Jungwirth claimed that about $2000 had been withheld from his final payment on the project due to poor workmanship allegations, but that his liability insurance agent was in the process of recouping this money from Wisconsin Restoration, Inc. So, due to this information, Hometown apparently believed that Acuity might have the money owed to Jungwirth in its possession. This is evidently why it brought the nonearnings garnishment action.

¶ 4. In response to Hometown's nonearnings garnishment action, Acuity moved for summary judgment on the grounds that it was not indebted to Jungwirth and had no property belonging to Jungwirth. Acuity also asserted that no claim was made under Jungwirth's liability policy and, even if a claim still were to be made and if the policy covered that claim, any money owed would be owed to the injured party, not to Jungwirth. The circuit court granted Acuity's motion and its request for $500 in costs.

### DISCUSSION

¶ 5. On appeal, Hometown challenges only the amount of costs taxed against it. It contends that a garnishment action is equitable in nature, and Wis. Stat. § 814.02(2) therefore limits costs to $100.[3] Acuity responds that since Hometown's clear aim was to recover money, the action is a legal one and asks us to review the $500 award as an exercise of the circuit

_____

[3] WISCONSIN STAT. § 814.02(2) provides in relevant part:

In equitable actions . . . costs may be allowed or not to any party, in whole or in part, in the discretion of the court, and in any such case the court may award to the successful party such costs (exclusive of disbursements) not exceeding $100, as the court deems reasonable and just, in view of the nature of the case and the work involved.

507

court's discretion under WIS. STAT. § 814.036.[4] Upon examining the action Hometown filed against Acuity, we conclude that it does not present a proper case on which to state that Wisconsin recognizes garnishment actions as legal or equitable.

### Garnishment Action

¶ 6. Hometown alleged that Acuity had "property under its possession or control subject to this garnishment or is otherwise indebted to [Jungwirth]." Acuity's December 19, 2006 answer flatly denied any indebtedness or liability to Jungwirth, and any title to, possession of, or interest in anything of Jungwirth's. In its February 2, 2007 motion for summary judgment, Acuity contended that Jungwirth still had made no claim against the liability policy held with Acuity and, further, that it knew of no claim Jungwirth might file that would be covered.[5]

¶ 7. Garnishment, unknown to the common law, is entirely statutory. *Moskowitz v. Mark*, 41 Wis. 2d 87,

---

[4] WISCONSIN STAT. § 814.036, the omnibus costs provision, provides: "If a situation arises in which the allowance of costs is not covered by [WIS. STAT. §§] 814.01 to 814.035, the allowance shall be in the discretion of the court."

[5] Hometown claims Jungwirth represented at a postjudgment supplemental examination that his Acuity agent was waiting for documentation from Wisconsin Restoration to finalize an insurance claim to recoup these sums. Nothing in the record substantiates that contention, however. The burden is on Hometown to provide a record sufficient to review its appellate issues. *See State Bank of Hartland v. Arndt*, 129 Wis. 2d 411, 423, 385 N.W.2d 219 (Ct. App. 1986).

91, 163 N.W.2d 175 (1968). Therefore, the question we face is one of statutory interpretation. Both interpreting the statute and determining whether it applies to the undisputed facts are questions of law that we review independently. *See Reusch v. Roob*, 2000 WI App 76, ¶ 10, 234 Wis. 2d 270, 610 N.W.2d 168.

¶ 8. Because garnishment is entirely statutory, the right to commence a garnishment action must be found within the provisions of the garnishment statute. *Moskowitz*, 41 Wis. 2d at 91. A creditor may commence a nonearnings garnishment "against any person who is indebted to or has any property in his or her possession or under his or her control belonging to such creditor's debtor." WIS. STAT. § 812.01. In addition, contingent liabilities are not subject to garnishment. WIS. STAT. § 812.19(1)(d); *see also Grant County Serv. Bureau Inc. v. Treweek*, 19 Wis. 2d 548, 554, 120 N.W.2d 634 (1963) (stating that a garnishee is not liable by reason of anything it might owe upon a contingency). A contingent liability is one that is not certain or absolute, but hinges on some independent event. *Olen v. Phelps*, 200 Wis. 2d 155, 165, 546 N.W.2d 176 (Ct. App. 1996). Here, the test is whether Jungwirth had at or since service of the writ, or in the future certainly will have, such a cause of action against Acuity. *See id.* at 165–66.

¶ 9. It is plain that Acuity had no absolute liability at the time of the service of process. We also cannot say that in the future Jungwirth certainly will have a cause of action against Acuity; there simply are two many ifs. Liability would arise only *if* proof of loss is served, *if* Jungwirth is determined to be liable, and *if* the claim is covered under the liability policy. Even that would not be enough, however. Supposing those uncer-

tainties all came to pass, Acuity still would not owe any money to Jungwirth, but to the injured party.

¶ 10. Nevertheless, Hometown asserts that the liability was not contingent, but "unmatured," likely because a liability that is only unmatured at the time of the garnishment action is subject to garnishment. *See id.* at 166. An interest is unmatured when the *amount* of a garnishee's liability may be uncertain, but there is no question about the *fact* of the liability. *Id.* We reject Hometown's characterization because here, of course, the fact of the liability is by no means settled. Wisconsin courts have held for over a century that, to be subject to garnishment, a debt must be owing absolutely at the time of the service of process, even if payable later. *Dowling v. The Lancashire Ins. Co.*, 89 Wis. 96, 98, 61 N.W. 76 (1894). Where the question of indebtedness depends entirely upon future contingencies, there is no liability. *Id.*

¶ 11. Other than possibly by failing to answer the garnishment summons,[6] we cannot see how Acuity might have owed anything to Hometown. We cannot envision how on these facts Acuity might be said to be indebted to Jungwirth or to have in its possession or under its control any property belonging to Jungwirth. "[T]he tide does not run in the direction of liberal construction of garnishment statutes of any nature." *Gerovac v. Hribar Trucking, Inc.*, 43 Wis. 2d 328, 334, 168 N.W.2d 863 (1969).

---

[6] The garnishment summons and complaint cautions the garnishee: "If you fail to answer, judgment will be entered against you for the amount of the creditor's judgment against the debtor plus the costs of this action."

*Statutory Costs*

¶ 12. We agree with Acuity that WIS. STAT. § 814.02(2) does not necessarily control this case. We also agree that we therefore may look to the omnibus costs provision, WIS. STAT. § 814.036, under which the allowance of costs is in the circuit court's discretion. We will uphold the court's exercise of discretion if it examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, arrived at a conclusion that a reasonable judge could reach. *Alswager v. Roundy's Inc.*, 2005 WI App 3, ¶ 9, 278 Wis. 2d 598, 692 N.W.2d 333.

¶ 13. Acuity submitted a bill of costs proposing it be allowed $500 in costs. That amount comports with WIS. STAT. § 814.04(1)(a), which provides that "[w]hen . . . the value of the property involved is greater than the maximum amount specified in [WIS. STAT. §] 799.01(1)(d), attorney fees shall be $500." The maximum amount specified in § 799.01(1)(d) is $5000. The garnishment summons and complaint recites that the total due on the creditor's claim is $11,716.16 and advises Acuity that if it fails to answer, judgment will be entered against it for that amount. Acuity incurred costs in defending this action. Hometown does not challenge the reasonableness of the costs. We see no erroneous exercise of discretion in awarding Acuity the costs the statute permits. We affirm.

*By the Court.*—Order affirmed.