Morawetz, Appellant, vs. Sun Insurance Office, Garnishee, Respondent.

*April 10 — April 30, 1897.*

*Garnishment of foreign corporation: Situs of property: Debt to nonresident: Jurisdiction.*

A foreign insurance company doing business in this state cannot be garnished here by a resident of the state on account of its indebtedness to a nonresident principal defendant arising from a loss

Morawetz vs. Sun Insurance Office.

occurring in another state, where, under subd. 11, sec. 2637, S. & B. Ann. Stats., the principal defendant could not maintain, in this state, an action upon his claim against the insurance company; and the voluntary appearance of the principal defendant in the main action does not give jurisdiction in the garnishment proceeding.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant there was a brief signed by *Turner, Bloodgood & Kemper,* attorneys, and *Jackson B. Kemper,* of counsel, and oral argument by *Jackson B. Kemper.* To the point that the appearance of the defendant in the principal action conferred jurisdiction upon the court and entitled it to proceed in the garnishment action, they cited *Young v. Ross,* 31 N. H. 201; *Lawrence v. Smith,* 45 id. 533; *Parks v. Adams,* 113 N. C. 473; *Reed v. Fletcher,* 24 Neb. 435.

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *George Lines.*

CASSODAY, C. J. It appears from the record, and is in effect found by the court, that February 4, 1893, the defendant, a British insurance corporation having its principal office in the United States in the city of New York, issued its policy of fire insurance to the principal defendant, Klingbeil, then residing at Alliance, Nebraska, upon his stock of general merchandise located and situated in said Alliance, for $1,200; that said property was destroyed by fire July 3, 1893; that due proof of loss under such policy was made by Klingbeil, August 7, 1893; that September 30, 1893, the garnishee papers were served on the defendant corporation's agent in Milwaukee, but the sheriff returned that Klingbeil could not be found in that county nor Wisconsin; that Klingbeil appeared in the action against him October 7, 1893; that Octo-

Morawetz vs. Sun Insurance Office.

ber 28, 1893, judgment was entered against him therein; that October 14, 1893, Klingbeil assigned his claim against said insurance company under the policy to M. E. Smith & Co., Kilpatrick-Koch Dry Goods Company, and Groneweg & Schoentgen, who were interpleaded herein; that thereafter said loss was adjusted, and paid by said garnishee in Nebraska to the parties interpleaded herein, to whom the whole of the claims of said Klingbeil against the garnishee on account of said loss had been so assigned, upon their giving the garnishee a bond of indemnity; that the garnishee is, and was at the time mentioned, doing business in the various states in the Union as a fire insurance company, and in the state of Nebraska under the statutes of that state; that the garnishee answered, setting up some of the facts stated, and denying liability; that the plaintiff took issue with such answer; that upon the trial thereof the court found the facts stated, and as conclusions of law the court found, in effect, that Klingbeil could not have brought or maintained any action against said garnished company in any court in Wisconsin on the said cause of action by the service of process upon such corporation or any officer or agent thereof, since none of the conditions existed upon which such service is authorized by the laws of Wisconsin; that this garnishment could not be maintained; that the garnishee was entitled to judgment herein dismissing the said garnishee action, with costs and disbursements of this action, to be taxed; and that judgment was thereupon ordered to be entered accordingly. From the judgment so entered thereon the plaintiff brings this appeal.

Under the statutes of this state, a creditor is expressly authorized to proceed by garnishment against any person having "any property whatever, real or personal, in his possession or under his control belonging to such creditor's debtor." S. & B. Ann. Stats. sec. 2752. "The words 'personal property' include money, goods, chattels, things in

action and evidences of debt." R. S. sec. 4972, subd. 3. "Practically, garnishment is a seizure in the hands of the garnishee by notice to him, creating an effectual lien upon the garnished property to satisfy whatever judgment the plaintiff may recover in the suit in which it is issued." Rood, Garnishment, § 1. "So the service of garnishee papers upon the garnishee operates as an equitable levy upon such of the debtor's property and credits as were at the time of such service in the hands of the garnishee." *Winner v. Hoyt*, 68 Wis. 287; *Globe Milling Co. v. Boynton*, 87 Wis. 632; Rood, Garnishment, § 192, and cases there cited. "Jurisdiction in such cases of garnishment, where the defendant in the principal action is a nonresident, has been upheld mainly upon the ground that such proceeding is substantially *in rem* to subject specific property or credits to the payment of a specific debt." *Winner v. Hoyt*, 68 Wis. 286, 287. "Jurisdiction is the authority to hear and determine the cause, and refers to the power of the court over the parties, the *res* or property in contest, and the authority of the court to entertain the suit or proceeding, and render the judgment or decree which it assumes to make. In garnishment proceedings all the statutory prerequisites to commencement of suit are jurisdictional and must be strictly complied with." Rood, Garnishment, § 221. This court has gone further, and held that, even after jurisdiction over the *res* or property has been acquired by the service of garnishee papers upon the garnishee, yet that such jurisdiction may be devested and lost by failure to comply with the statute as to service upon the principal defendant or his attorney. S. & B. Ann. Stats. sec. 2756; *Globe Milling Co. v. Boynton, supra.* This is on the theory, often adjudicated, to the effect that "the authority to institute and prosecute garnishee proceedings is entirely statutory, and, unless the requirements of the statutes are complied with, the proceedings cannot be sustained." *McDonald v. Vinette*, 58 Wis.

619. "Property outside of the state is not the subject of garnishment under our statute." *Bates v. C., M. & St. P. R. Co.* 60 Wis. 296; *Renier v. Hurlbut*, 81 Wis. 30.

There is no pretense that the garnishee's agent in this state upon whom the garnishee papers were served, had at the time in his possession or under his control any specific property or rights of property belonging to Klingbeil. The extent of the claim is that at that time the garnishee was indebted to Klingbeil — a resident of Nebraska — on a policy of insurance upon property in that state which had been destroyed by fire, and hence that such indebtedness was attached by the service of the garnishee papers upon this foreign insurance company's agent in Milwaukee. The plaintiff in this action, by virtue of this garnishment, stepped into Klingbeil's shoes, and acquired his rights of action, but he had no better right to maintain this action in the courts of this state than Klingbeil would have had. *Healey v. Butler*, 66 Wis. 9, 16; Rood, Garnishment, § 46. Although the plaintiff was at the time a resident of this state, yet, for the purpose of maintaining this garnishee action against this foreign corporation, he must be regarded, *pro hac vice*, as a resident of Nebraska, and not of this state. But Klingbeil could not have maintained an action in any of the courts of this state against the garnishee for the cause of action stated, for the reason that our statute expressly declares that " such service can be made upon a foreign corporation only, either when it has property within the state or the cause of action arose therein, *or the cause of action exists in favor of a resident of the state.*" S. & B. Ann. Stats. sec. 2637, subd. 11; *Commercial Nat. Bank v. C., M. & St. P. R. Co.* 45 Wis. 172; *Myer v. Liverpool, L. & G. Ins. Co.* 40 Md. 595. This brings the case within the ruling of this court in *Renier v. Hurlbut*, 81 Wis. 24, except that the principal defendant did not appear in that case.

The general appearance of the principal defendant in the

Saladin vs. Kraayvanger and wife.

main action in the case at bar did not cure the defect in the garnishment proceedings. Rood, Garnishment, § 232; *Beaupre v. Brigham,* 79 Wis. 436.    It has been held by a federal court of high authority that: " A nonresident creditor cannot have his property in a debt seized in a state to which the debtor [corporation] may resort merely for the purpose of doing business through agents, when the claim arose on a contract not to be performed within the state, and the debtor does not reside therein.    A debt has no *situs,* for the purpose of garnishment, in a state of which the plaintiff, defendant, and garnishee are all nonresidents, although the garnishee is a foreign corporation which, by general provisions of a state statute, is subject to garnishment in the state, because it assumes to do business there." *Reimers v. Seatco Mfg. Co.* 30 L. R. A. 364; *S. C.* 37 U. S. App. 426; *S. C.* 70 Fed. Rep. 573.    To the same effect: *Caledonia Ins. Co. v. Wenar* (Tex. Civ. App.), 34 S. W. Rep. 385; *Central Trust Co. v. C.,R. & C. R. Co.* 68 Fed. Rep. 685; *Douglass v. Phenix Ins. Co.* 138 N. Y. 209.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.