SMITH, THORNDIKE & BROWN COMPANY, Appellant, vs. MU-
TUAL FIRE INSURANCE COMPANY and others, Garnishees,
Respondents.

*May 3 — May 21, 1901.*

*Garnishment: Service of summons: Failure to serve on principal defend-
ant: Defective return: Amendment: Payment to principal defend-
ant by garnishee: Appeal: Immaterial error.*

1. Where there is a conflict of fact to be decided in order to allow the
sheriff to amend his return to accord with what he declares to be
the fact, there is no forum except the trial court capable of decid-
ing it.
2. Under sec. 2756, Stats. 1898, if a garnishee summons was not served
upon the principal defendant and the sheriff's return of service
fails to show that after due diligence such service could not be
made within Wisconsin, the service becomes void and of no effect
from the beginning.
3. The service, or inability after due diligence to serve, upon the prin-
cipal defendant, is not made jurisdictional, but a condition subse-
quent is provided whereby jurisdiction once acquired shall be lost,
unless there be such service in fact within ten days, or in lieu
thereof a showing in the sheriff's return or other proof of service
that such service cannot be made.
4. Where prior to a motion to amend the sheriff's return in such a case
the garnishees paid over the moneys to the principal defendant,
the service cannot be revived and validated so as to charge the
garnishee again for the money. MARSHALL, J., concurs solely be-
cause it appeared that in the interim between the service on the gar-
nishees and the motion for leave to amend the sheriff's return, the
garnishees had, by payment, ceased to be the debtors of the prin-
cipal defendants.

APPEAL from an order of the superior court of Milwaukee
county: ORREN T. WILLIAMS, Judge. *Affirmed.*

On May 25, 1897, garnishee summons was served upon
the agents of the garnishee insurance companies, at Mil-
waukee. On November 1st it was filed with the clerk of
the court, bearing the return of a deputy sheriff certifying
such service, but making no mention either of service or of

any attempt to serve upon the principal defendants. Such summons was accompanied by an affidavit of Charles E. Wilde that he had served it on one of the principal defendants at Milwaukee on the 6th day of August, 1897. The garnishee action having been tried, and resulted in a judgment against the garnishees, and they having appealed, the plaintiff discovered that the proof of service upon the garnishee summons did not comply with sec. 2756, Stats. 1898, and presented affidavit of the deputy sheriff, asserting that he did in fact make diligent search, and was unable to find the principal defendants in order to serve upon them the garnishee summons, and desired to amend his return by adding that fact thereto; whereupon, on November 7, 1900, plaintiff moved the court to permit such amendment of the return. Such motion was met by a further affidavit of the deputy sheriff, made on the 13th day of December, 1897, to the effect that he made no effort to find or serve upon the principal defendants, but merely knew or was advised that neither of them was resident in Wisconsin. Meanwhile the garnishees had paid over all moneys in their hands. The motion was denied by order dated December 1, 1900, from which this appeal is taken.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *Chas. E. Wilde.*

For the respondents *Mutual Fire Ins. Co.* and *Manchester Fire Assurance Co.* there was a brief by *Van Dyke & Van Dyke & Carter,* and oral argument by *W. D. Van Dyke.*

For the respondent *Liverpool & London & Globe Ins. Co.* there was a brief by *Moe & Hansen,* and oral argument by *Otto R. Hansen.*

DODGE, J. The reason given by the judge of the superior court for denying this motion was that he had no jurisdiction to decide the conflict of evidence apparently arising from

the contradictory statements in the deputy sheriff's two different affidavits. This, of course, is no ground for the action taken. If any conflict of fact needed to be decided in order to allow the sheriff to amend his return to accord with what he declared to be the fact, there was no other forum except the superior court capable of deciding it.

But the grounds of the action taken are immaterial, in view of the conclusion at which we have arrived. The statute (Stats. 1898, sec. 2756) with reference to garnishment in the circuit court provides:

"The garnishee summons and annexed affidavit shall be served on each of the several garnishees named in the manner provided in sections 2636 and 2637 for service of a summons in an action; and, except where service of the summons in the action is made without the state or by publication, also on the defendant to the action, in like manner, either before, or within ten days after, service on a garnishee. When the defendant shall have appeared in the action by an attorney such service may be made upon such attorney or upon the defendant. Unless the garnishee summons be so served on the defendant or his attorney or the proof of service on the garnishee show that, after due diligence, such service cannot be made within the state, the service on the garnishee shall become void and of no effect from the beginning."

The garnishee summons in this case was not served upon either the principal defendant or his attorney within ten days after the service upon the garnishees, nor did the proof of service upon the garnishees which was filed in the circuit court on November 1, 1897, show that after due diligence such service could not be made within the state. Prior to the motion to amend the return, the garnishees paid over the moneys owing to the principal defendants. Upon this state of facts there seems no doubt that the last clause of the statute above quoted became effective, and the service on the garnishee became " void and of no effect from

the beginning." *Globe M. Co. v. Boynton*, 87 Wis. 619. The plaintiff seems to contend for the rule, which has been recognized time out of mind, that jurisdiction depends upon the fact of service, and not upon the proof of service, and that at any time the proof of service may be amended to show service in fact, if it really was had, except for intervening equities. That rule has no application to the question before us. The service, or inability after diligence to serve, upon the principal defendant, is not made jurisdictional, but a condition subsequent is provided, whereby jurisdiction already acquired shall be lost, and that condition subsequent is, by the exact words of the statute, either omission of service in fact within ten days on the principal defendant or his attorney, or, in lieu thereof, omission of a showing in the sheriff's return or other proof of service that such service cannot be made. *Globe M. Co. v. Boynton, supra.* The latter condition is not the fact of inability to serve, but the declaration of such fact in the proof of service of the garnishee summons.

The process of garnishment is entirely statutory. It is a harsh and extreme remedy, out of the course of the common law, and may be, and properly is, burdened with conditions in the discretion of the legislature. *Globe M. Co. v. Boynton, supra; Morawetz v. Sun Ins. Office,* 96 Wis. 175, 178. With that branch of the government rests the power and authority to impose any such conditions, and, whether wise or unwise, they should be enforced by courts. It is not difficult, however, to discover a purpose to be accomplished by the provision in question which would not be satisfied by an amendment now. If in fact the principal defendant be not served within ten days, and service be not prevented by inability to find him within the state, then the garnishee is in a predicament, upon the plaintiff's theory. If he refuses to pay to the principal defendant the amount in his hands, he may be subjected to the costs and expense of a suit in which

he can succeed only by showing that the defendant was so situated that service could not have been made upon him with due diligence. If, on the other hand, he pays over to the principal defendant, he must do so at the peril of being able to prove that the defendant was in a position so that service could have been made upon him with due diligence. It is but due recognition of the unfairness of subjecting an innocent stakeholder to a predicament of this sort that the legislature has required that if the plaintiff seeks to continue the liability of the garnishee, notwithstanding failure to serve the garnishee summons upon the principal defendant, he shall not only cause due diligence to effect such service, but shall cause it to appear by the very return itself that such due diligence has been ineffective.

Hence we conclude that the attempted service upon the garnishees in this action had, long prior to November, 1900, become void and of no effect from the beginning. It cannot now be revived and validated so as to charge these garnishees with liability again for the money which they have already paid over to the principal defendants. The court's refusal to amend affects no rights of the appellant injuriously, and should not be disturbed.

*By the Court.*— Order appealed from is affirmed.

MARSHALL, J. I concur in the decision in this case solely because, in the interim between the service on the garnishees and the motion for leave to amend the officer's return, such garnishees ceased to be debtors of defendants in the main action. It is elementary that an officer should be allowed to correct a mistake in his return as of course, and even without notice, when it will not do injustice to litigants or third parties, but not otherwise. The idea advanced by my brethren, that the return of service on a garnishee summons is an exception to that rule, in my judgment, would have been abandoned before it found place in

a legal opinion as a basis for a judgment had all the statutes governing the subject been taken into consideration. It has been uniformly held, independent of any enabling statute, that, subject to the limitation previously mentioned, such right of amendment exists, and that it applies to the return of service in garnishee actions the same as to any other, in the absence of a statute clearly taking away the right; that it is a common-law privilege so firmly establshed that nothing short of some pretty plain statutory enactment, showing a legislative intent to abrogate it, can be considered effective for that purpose. Rood, Garnishment, § 279; *Mayer v. Chattahoochee Nat. Bank,* 46 Ga. 606; *Mangold v. Dooley,* 89 Mo. 111; *Main v. Lynch,* 54 Md. 658. In the last case cited it was said, in substance, that the right of an officer to amend his return, and of the party interested to have him make such amendment, is in no way dependent upon any statute, but is a right guaranteed by the rules of the common law and applies to a return on a garnishee process as well as on any other; that the right can only be displaced by circumstances such that irretrievable damage to ligitants would result from its continuance.

In view of the foregoing, sec. 2756, Stats. 1898, should not be held by judicial construction to take away the right of amendment as regards the officer's return if that can be reasonably avoided. Rather, the statute should be construed in harmony with the common-law right if it can be, reasonably. Elementary principles demand that. The language of the statute is, 'The garnishee summons shall be served on the defendant in the main action within ten days after service is made on the garnishee except where the service is made without the state or by publication: provided that, if the defendant shall have appeared in the action by attorney, service may be made on him or his attorney;' and, " Unless the garnishee summons be so served on the defendant or his attorney or the proof of service on the garnishee

show that, after due diligence, such service cannot be made within the state, the service on the garnishee shall become void and of no effect from the beginning."

It does not require argument to demonstrate that such language makes service on the garnishee the jurisdictional act, and failure to make proper return, showing service upon the defendant in the main action within ten days after the former service, or that the latter service cannot be made in this state, operates to terminate jurisdiction. Upon failing to do that, the statute says, the service upon the garnishee *shall become void.* The meaning of the statute is not that the return shall be made in any particular time. My brethren do not claim that, yet say that the officer is absolutely bound by his return when once made, regardless of whether a change thereof will prejudice litigants unjustly or not. That seems a strange doctrine, out of harmony with the liberal construction that should be given to remedial legislation, and out of harmony with the strict construction that should be applied, where construction is permissible, limiting the effect of an act which interferes with common-law rights; it takes away the common-law right to amend, and does that by judicial construction. In saying this we assume that, taking the most favorable view that reason will permit in favor of the position of my brethren, the statute is open to construction. Full effect would be given to it by holding that it does not mean that an officer is absolutely bound under all circumstances by his return as first made; that it is open to amendment in accordance with the truth the same as any other return, and that, unless it shows, either when originally made or as corrected, the jurisdictional facts mentioned, the service upon the garnishee shall " become void and of no effect from the beginning." The service of any summons becomes void and of no effect from the beginning if proper proof thereof be not made or it is waived, but not necessarily because it is not made correctly

in the first instance. The idea is new that proof of service, when once made, is conclusive; that a mistake therein cannot be corrected. The statute does not read that way, as I understand it — neither in its literal sense nor in any other.

We have so far considered the question of whether an officer's return on a garnishee summons is open to amendment as if it were wholly governed by common-law principles and the construction to be given to sec. 2756, Stats. 1898, without reference to any other section of the statutes. But, in my judgment, the right of amendment is expressly given by other sections of the statutes which my brethren have wholly failed to appreciate. Sec. 2830 provides that the court may, in furtherance of justice and upon such terms as may be just, permit an amendment of "any process or proceeding by correcting a mistake in any respect." That has been held to cover the subject of amending officers' returns, and in that respect a mere declaration of the common law. Sec. 2766 provides that a garnishee proceeding shall be deemed an action with the same right of amendment as exists in other actions. It seems to me very plain that secs. 2756 and 2766 should be read together; and when so read, that it is clear beyond reasonable controversy that it was not intended by the language of the former to conclude an officer, or party for whom he acts, by his return as first made, so that he cannot afterwards change it under any circumstances in order to remedy a mistake therein and make it conform to the truth.