WILLIAM B. SUTTON, *Appellee,* v. MARTIN HEINZLE, *Individually and as Next Friend, etc., et al., Appellees,* and RICHARD J. SMITH, *Appellant.*

OPINION DENYING A REHEARING.

No. 17,057.

SYLLABUS BY THE COURT.

FOREIGN STATUTES—*Adopted by this State—When Construction of by Foreign Court Not Binding on Courts of this State.* The rule that courts in construing a statute adopted from another state are bound by previous decisions as to its effect rendered by the court of last resort of that state is subject to this exception among others: The decision of the court of the other state will not prevail over a contrary decision previously rendered by the supreme court of the adopting state, arising upon a statute substantially similar so far as relates to the question involved, and resulting from a different view of some general principle of law or public policy.

Appeal from Wyandotte court of common pleas. Opinion denying a rehearing, filed July 7, 1911. (For original opinion see 84 Kan. 756.)

*Richard J. Smith, A. E. Dempsey,* and *E. E. Naber,* for the appellant.

*William B. Sutton,* and *William B. Sutton, jr.,* for William B. Sutton, appellee.

The opinion of the court was delivered by

MASON, J.: In a petition for rehearing it is urged that notwithstanding the decision in *B. & M. R. Rld. Co. v. Thompson,* 31 Kan. 180, we should hold that jurisdiction over an indebtedness between nonresidents can not be obtained by serving garnishment process upon the creditor in this state. The argument is made that our present garnishment law, passed in 1889, was adopted from Wisconsin; that prior to its adoption the supreme court of Wisconsin had held that no jurisdic-

tion can be obtained thereunder over personal property situated outside of the state; and that this decision was a construction of the statute which must be presumed to have been adopted by the legislature along with the statute itself.

The Wisconsin case referred to (*Bates v. The Chicago, Milwaukee & St. Paul R'y Co., Garnishee, etc.,* 60 Wis. 296) had reference to tangible personal property, and a distinction might be made upon that ground. That court has followed the same rule with respect to a debt owing to a garnishee, but in a decision rendered since 1889. (*Morawetz v. Sun Insurance Office,* 96 Wis. 175.) We prefer, however, to base our judgment upon another proposition. The rule as to the binding effect of a decision rendered prior to the adoption of a statute is not absolute. It does not apply "where other jurisdictions having the indentical or substantially the same provision had given the language a different construction prior to the adoption in question." (36 Cyc. 1157; *The State v. Campbell,* 73 Kan. 688.) This must be especially true where the court of the adopting state itself had already rendered a contrary decision under a statute essentially similar. The language interpreted by the Wisconsin court was not peculiar to the statute there under consideration. It was, so far as concerns the matter now in hand, substantially the same as that of the earlier Kansas statute, and of garnishment statutes generally. That the Wisconsin court takes a different view of the law from that announced in the early Kansas case is not due to any difference in the statutes considered, but to a different view of the effect of garnishment process generally, and in particular to a conviction that it is against public policy to allow courts to acquire jurisdiction by garnishment over property in another state, or over a debt owed by one nonresident to another.

We adhere to our conclusion that other questions argued at the hearing and in the petition for a rehearing are not so presented by the record as to require decision.

The petition for à rehearing is denied.