PETERS and another, Appellants, vs. FIRST NATIONAL BANK OF NEW LONDON, Respondent.

*February 6—April 30, 1935.*

For the appellants there was a brief by *Clancy, Loverud & Loverud* of Stoughton, and oral argument by *E. K. Loverud.*

For the respondent there was a brief by *E. W. Wendlandt* of New London, attorney, and *Bird, Smith, Okoneski &*

*Puchner* of Wausau of counsel, and oral argument by *Claire B. Bird.*

The following opinion was filed March 5, 1935:

FRITZ, J.  Plaintiff sued to recover judgment against the defendant, a national bank, for the recovery, with costs and disbursements of this action, of the amount of a certificate of deposit, issued by the defendant to the plaintiffs, and which had become due and was owing to the plaintiffs.  Defendant, in its answer, admitted that due demand for the payment of the certificate had been made, and that it has not been paid.  As the answer did not controvert plaintiffs' allegations that the amount of the certificate, with interest, was due and owing to plaintiffs, those allegations must be deemed admitted and true.  Sec. 263.26, Stats.  However, defendant, in connection with other matters stated by way of defense in defendant's answer, alleged that on May 29, 1933, its stockholders adopted a due resolution of dissolution, and that it is thereby barred from paying any depositor, including the plaintiffs, any sums except such as are their share of a ratable distribution of the proceeds of liquidation under such dissolution, which share defendant is ready to pay and expects to pay, as and when payable.

The sufficiency of facts thus alleged to defeat plaintiffs' right to have judgment, in this action for the present payment to them of defendant's admitted indebtedness on the certificate of deposit, was challenged by the plaintiffs demurring to the answer on the ground that it does not state facts sufficient to constitute a defense.

Under the federal statutes, §§ 181, 182, of title 12, USCA, pp. 265, 272; sec. 5220 *et seq.*, R. S. U. S., and the federal decisions in relation to the voluntary closing and liquidation of a national bank by the vote of its stockholders, and the notice of intent to dissolve which must be given and which must notify "the holders of its notes and other creditors

to present the notes and other claims against the association for payment," the fact that the defendant's stockholders had adopted a due resolution of dissolution to take effect on May 31, 1933, fully warranted the conclusion of law alleged in the answer, that the defendant is thereby barred from paying the plaintiffs or any other depositor any sums excepting such as are their share of a ratable distribution of the proceeds of liquidation under such dissolution.

The decisions by the federal courts, in relation to voluntary dissolution and liquidation proceedings of national banks under federal statutes, which are reviewed and cited in *Merchants' National Bank v. National Bank of Lillington* (D. C.), 231 Fed. 556, and in *Steele v. Randall* (C. C. A.), 19 Fed. (2d) 40, establish that the following propositions are applicable to such proceedings:

(1) The action of stockholders in appointing a liquidating agent pursuant to the powers conferred upon them by §§ 181, 182, of title 12, USCA, pp. 265, 272; sec. 5220 *et seq.*, R. S. U. S., is treated by the courts as equivalent to, and carrying all of the incidents in respect to the assets and the rights of creditors as the making of a voluntary deed of assignment would do; and it would be impossible to comply with those statutes and effectuate their equitable purpose if creditors were permitted to secure priorities or liens by attachment or recovering judgments constituting liens upon the property.

(2) Immediately upon going into such liquidation, the assets of the bank become a trust fund for the payment of its debts *pro rata*, and no liens can be created thereafter either by the bank or by the rendition of judgments; but valid liens which existed at the time such liquidation went into effect, or because a court has by injunction or otherwise assumed control of the property, will be preserved.

(3) If those who are in charge of the liquidation, including the comptroller, are satisfied with the proof which is fur-

nished as to a claim made against the bank, they can allow the claim, and when the allowance is made, the creditor becomes entitled to participate in all dividends that may be declared. Consequently, as the only legal effect of a judicial determination in respect to a claim against the bank could be to establish the validity or amount thereof, there is no necessity or occasion for such an adjudication, excepting when those in charge of the liquidation, including the comptroller, decline to recognize the claim as valid for the amount demanded.

In view of those established principles, the defendant's allegations as to the dissolution and pending liquidation of the defendant, are sufficient to constitute a defense to the recovery by plaintiffs of a judgment herein which would entitle them to the present payment of their undisputed claim, and which would constitute a lien upon defendant's property for the full amount of that claim. Consequently, to the extent of preventing plaintiffs from obtaining a judgment to that effect, the facts alleged constitute a defense, and plaintiffs' demurrer was rightly overruled.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on April 30, 1935.