RILEY, Administratrix, Respondent, vs. STATE BANK OF DE PERE, Appellant.

*October 13—November 10, 1936.*

For the appellant there was a brief by *Smith & Smith* of De Pere, and *Robert A. Kaftan* of Green Bay, and oral argument by *Mr. Kaftan* and *Mr. Herbert J. Smith*.

For the respondent there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge*.

ROSENBERRY, C. J.  Upon this appeal, the defendant contends that it is not liable and the judgment is erroneous for the following reasons: (1) That its liability was discharged by payment of the sum into court pursuant to judgment in garnishment in aid of execution against Edward Riley; (2) that in the event that garnishment proceeding is void, it is subrogated by the payment to the rights of the mortgagees;

(3) that it is protected by the judgment against the deposit entered after payment into court in the second garnishment action; (4) that the right of the plaintiff to recover is suspended because of the pendency of the garnishment proceeding in the second garnishment action; (5) that Edward Riley was guilty of laches and waived his right for four years by payment of the money into court; (6) that the defendant bank is not liable for more than sixty-five per cent of the deposit because of stabilization proceedings had and judgment therefore should not have been entered in any event for the entire amount.

Attention should be called to the fact that this case was presented to the trial court upon an agreed statement of facts.

The parties entered into a written stipulation—

"that the above entitled action may be determined by the court upon the following statement of facts, and the original records in the cases heretofore tried and referred to herein: . . ."

Further—"That the facts as revealed from the exhibits heretofore mentioned, and the pleadings on file, will constitute the record on which the court may determine the issues between the parties in this action."

In the course of his argument counsel for the defendant makes certain contentions respecting the right of the plaintiff to attack collaterally the judgments already referred to. No such right was reserved in the stipulation, and it is considered that under the stipulation the rights of the parties must be determined upon the facts stipulated as if they had been found by special verdict. 2 Am. Jur., Agreed Case, p. 378, § 317, and cases cited. In this respect there is no difference between an agreed case and an agreed state of facts.

The stipulation was no doubt advisedly made. If the judgments were not subject to collateral attack they were subject to direct attack and the whole matter might properly be

determined in this action. Under the stipulation the matter of collateral attack drops out of the case.

There can be no doubt that in an action to foreclose a real-estate mortgage where service of the summons is made by publication on a nonresident mortgagor the court has no jurisdiction to render a personal judgment against such mortgagor for deficiency. *Pennoyer v. Neff* (1877), 95 U. S. 714, 24 L. Ed. 565; *Maxcy v. McCord* (1904), 120 Wis. 571, 98 N. W. 529, 98 N. W. 923.

The circuit court for Brown county having no jurisdiction to render a judgment for deficiency in the foreclosure action, the judgment attempted to be rendered therein was void and may be attacked collaterally. *Pennoyer v. Neff, supra; O'Malley v. Fricke* (1899), 104 Wis. 280, 80 N. W. 436.

The defendant argues that sec. 278.04, Stats., authorizes the uniting in a foreclosure action of a demand for a deficiency judgment with a demand for judgment of foreclosure; that sec. 262.12 (4) authorizes service by publication on the defendant in actions for the foreclosure of a mortgage; that the two sections operate to give the court jurisdiction over the defendant personally. The defendant supports this contention by calling attention to *Witter v. Neeves* (1891), 78 Wis. 547, 47 N. W. 938, where it was held that a judgment for a deficiency was a bar to a subsequent action at law on the debt secured by the mortgage. In *Witter v. Neeves* there was personal service upon the defendant and the court had full jurisdiction. While sec. 262.12 (4) authorizes service by publication in actions to foreclose mortgages, it is beyond the power of the state to obtain jurisdiction of the person of the defendant beyond its borders, and it is so held by the supreme court of the United States in *Haddock v. Haddock* (1906), 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867.

Counsel contends that in *Mutual Life Ins. Co. v. Pinner* (1887), 43 N. J. Eq. 52, 10 Atl. 184, it was held that a defi-

ciency judgment rendered in an action where service was had by publication was valid, but in that case appearance was entered on behalf of the absent defendant, and the question was whether or not that appearance should be set aside as not authorized, and it was held that the defendant was guilty of laches.

In the foreclosure action so far as the record discloses, the court had jurisdiction of the *res* and therefore jurisdiction to enter judgment of foreclosure, but it had no jurisdiction of the person of the defendant, and therefore no jurisdiction to enter a personal judgment for the deficiency. Apparently being of the view that the judgment for deficiency was at least questionable, the Magoons, assignees of the mortgagee, brought an action against Edward Riley and Adeline Riley, defendants, seeking to recover a personal judgment on the amount remaining due on the note after applying the proceeds of the sale on foreclosure. On November 23, 1931, the sheriff made his return "that the defendants could not be be found" and that they were residents of Chicago. Thereafter a verified complaint was filed setting out the facts relating to the deficiency, being the amount remaining due after the foreclosure sale. On December 10th, garnishment proceedings were begun against the defendant bank. An order for the publication of the summons was made December 11, 1931. An affidavit of mailing was made December 12, 1931. The summons in garnishment was served November 30, 1931.

Sec. 267.06, Stats. 1931, provides that the garnishee summons and annexed affidavit shall be served on the garnishee and upon the defendant, and except where service of the summons in the action is made without the state or by publication and provides:

"Unless the garnishee summons be so served on the defendant or his attorney or the proof of service on the garnishee show that, after due diligence, such service cannot be

made within the state, the service on the garnishee shall become void and of no effect from the beginning."

The garnishee summons was served upon the garnishee defendant bank, and the return of the deputy sheriff who served it makes no reference to the service of a garnishee summons on the defendant, nor does he certify that such service cannot be made within the state. This defect in the return operates to deprive the court of jurisdiction if any it had acquired theretofore. *Smith, Thorndike & Brown Co. v. Mutual Fire Ins. Co.* (1901), 110 Wis. 602, 86 N. W. 241; *Morawetz v. Sun Insurance Office* (1897), 96 Wis. 175, 71 N. W. 109. An attempt was made to help out the situation by having the sheriff file an affidavit on December 11, 1931, to the effect that the affidavit and summons in garnishment were delivered to him for service on November 20th; that he has used due diligence to find the defendants, Edward Riley and Adeline Riley, etc. The statute makes no provision for an affidavit. The statute requires that the facts must be made to appear by the proof of service on the garnishee defendant. Where the statute so requires, the facts may not be made to appear otherwise.

The failure of the plaintiffs to comply with the requirements of the statute having deprived the court of jurisdiction of the *res,* the court had no jurisdiction in either the original or the garnishment action, and the trial court properly so held. The court in both garnishment proceedings having been without jurisdiction, the garnishee defendant was not protected by the order of the court made therein, and it remained indebted to its depositor according to the terms of the deposit.

The defendant claims that having pursuant to the order of court, made in the first garnishment proceeding, paid the amount of the deposit to the attorney for the mortgagees, it is entitled to be subrogated to so much of the indebtedness as is necessary to extinguish the claims of the plaintiff in this

action. According to the stipulated facts the amount of the deposit was delivered to plaintiff's attorney long prior to the second garnishment action. However, when the second action was begun, no credit was given the plaintiff in that action on account of the payment made by the defendant. The mortgagees, the Magoons, claimed that the whole amount of the deficiency was still due, and for anything that appears in this record no application has ever been made on account of the deposit on the indebtedness owing by the Rileys to the Magoons. So it appears from the facts stipulated that there is nothing to which the defendant could be subrogated, assuming that it might be entitled to subrogation otherwise, a matter not determined in this case.

By mistake judgment went against the bank for the full amount. It appears that at the time the defendant bank was acting under a stabilization agreement pursuant to sec. 220.08 (15), Stats. The plaintiff would therefore be entitled to but sixty-five per cent of the deposit in cash, the rest to be represented by deferred certificate and the judgment is modified accordingly. *Peters v. First Nat. Bank of New London* (1935), 218 Wis. 126, 259 N. W. 600. Counsel for plaintiff conceded that judgment should be so modified. The matter was not called to the attention of the trial court so far as the record discloses.

*By the Court.*—The judgment as modified is affirmed, with costs to the plaintiff in this court.

MARTIN, J., took no part.