MAHRLE, Respondent, vs. ENGLE, Executrix, Appellant.

*April 8—May 6, 1952.*

486

For the appellant there was a brief by *Morris Karon* and *Karon & Weinberg,* all of Milwaukee, and oral argument by *Morris Karon.*

*Will C. Gobel* of Milwaukee, for the respondent.

BROWN, J. In his oral argument, though not in his brief, respondent contended that the order in question is not an appealable one. We think he is mistaken. Garnishment before execution issued is a provisional remedy. Revisor's note, 1878, to ch. 267, Stats., Wis. Anno. (1950). The order refusing to dismiss the garnishment was one which continued it and therefore continued a provisional remedy. An order which continues a provisional remedy is appealable. Sec. 274.33 (3), Stats.

Appellant's first argument is that a garnishment proceeding may not be commenced in any court other than that in which the main action is pending. Our statutes are silent and we find no Wisconsin decisions on the subject. In most of the foreign cases which the appellant cites we find that statutes have compelled the decisions that the court having jurisdiction of the main action is the one where the garnishment action must originate. We have concluded that if the circuit court for Fond du Lac county had jurisdiction of this action to begin with, that jurisdiction was later lost and therefore, in any event, the order complained of must be reversed. Since any decision we might reach on the question of which court has jurisdiction of the garnishment action would not affect the result, we will leave that question for possible legislative action.

"The proceedings by garnishment are special and in derogation of the common law, and must be strictly pursued in order to confer jurisdiction." *State ex rel. Chicago & N. W. R. Co. v. Pauli* (1905), 126 Wis. 65, 69, 104 N. W. 1007. "Garnishment proceedings, . . . are purely statutory, and the provisions of the statutes must be strictly adhered to." *Commercial Inv. Trust v. Wm. Frankfurth H. Co.* (1922), 179 Wis. 21, 28, 190 N. W. 1004.

Service of the garnishee summons and complaint was made on the garnishee in the manner required by sec. 267.06,

Stats. That being accomplished, the statute contains the further provision:

". . . except where service of the summons in the main action is made without the state or by publication [the garnishee summons and complaint shall be served], also on the defendant therein, in like manner, not later than ten days after service on a garnishee. When the defendant shall have appeared in the main action by an attorney service may be made upon such attorney or upon the defendant. Unless the garnishee summons and complaint be so served on the defendant or his attorney or the proof of service on the garnishee shows that, after due diligence, such service cannot be made within the state, the service on the garnishee shall become void."

The facts here are undisputed. The summons in the main action was not served without the state or by publication and it was therefore incumbent on the plaintiff within ten days of the service on the garnishee to serve the defendant or the attorney who had appeared for him in the main action. No such service was made. The statute grants one exception,—such service on the defendant is dispensed with if the proof of service on the garnishee shows that after due diligence service on the defendant or his attorney cannot be made within the state; otherwise the service on the garnishee becomes void. While it is evident that the defendant Ray Engle could not be served within the state at any time after his death on July 4th, the sheriff's return did not say so, and under the terms of the statute the service on the garnishee became void. Until the enactment of Bill No. 50, S., which became ch. 541, Laws of 1935, the last clause of sec. 267.06, Stats., read "the service on the garnishee shall become void and of no effect from the beginning." Bill No. 50, S., was a revision bill which contained a note saying that only verbal changes were intended in this section. Sec. 370.001 (7) states:

*"Construction of revised statutes.* A revised statute is to be understood in the same sense as the original unless the change in language indicates a different meaning so clearly as to preclude judicial construction. If the revision bill contains a note which says that the meaning of the statute to which the note relates is not changed by the revision, the note is indicative of the legislative intent."

Sec. 267.06, Stats. 1931, was construed in *Riley v. State Bank of De Pere* (1936), 223 Wis. 16, 23, 269 N. W. 722, where we said:

"The garnishee summons was served upon the garnishee defendant bank, and the return of the deputy sheriff who served it makes no reference to the service of a garnishee summons on the defendant, nor does he certify that such service cannot be made within the state. This defect in the return operates to deprive the court of jurisdiction if any it had acquired theretofore. *Smith, Thorndike & Brown Co. v. Mutual Fire Ins. Co.* (1901), 110 Wis. 602, 86 N. W. 241; *Morawetz v. Sun Insurance Office* (1897), 96 Wis. 175, 71 N. W. 109. An attempt was made to help out the situation by having the sheriff file an affidavit on December 11, 1931, to the effect that the affidavit and summons in garnishment were delivered to him for service on November 20th; that he has used due diligence to find the defendants, Edward Riley and Adeline Riley, etc. The statute makes no provision for an affidavit. The statute requires that the facts must be made to appear by the proof of service on the garnishee defendant. Where the statute so requires, the facts may not be made to appear otherwise.

"The failure of the plaintiffs to comply with the requirements of the statute having deprived the court of jurisdiction of the res, the court had no jurisdiction in either the original or the garnishment action, and the trial court properly so held."

In *Smith, Thorndike & Brown Co. v. Mutual Fire Ins. Co.* (1901), 110 Wis. 602, 86 N. W. 241, we considered the same statute (sec. 2756, old numbering), and held

that the failure to state in the proof of service of the garnishee summons that with due diligence the principal defendant could not be served within the state results in a loss of the jurisdiction already acquired; and the loss could not be repaired by amending the return. We consider that the law is settled, by sec. 267.06, Stats., and by its strict application in the courts over a long period without legislative alteration, that the proof of service on the garnishee which did not excuse nonservice on the principal defendant by stating that with due diligence service could not be made upon him within the state resulted in a loss of whatever jurisdiction the Fond du Lac circuit court might previously have had.

Respondent submits that the subsequent appearances and participation in the proceedings by both the garnishee and the executrix have restored or revived whatever jurisdiction may have been lost. We consider that when, under the statute, the service on the garnishee became void and the jurisdiction first acquired was lost, the jurisdiction acquired by the original service was gone for good. We need not determine whether the original parties to the garnishment action could, by participation such as is alleged here, confer new jurisdiction of the court over their persons and the res, because at the time when such participation is alleged to confer jurisdiction the property of Engle, by reason of his death, had already come into *custodia legis* and was not subject to garnishment. The orderly and equitable administration of estates would be impossible and the statutes concerning the presentation and payment of claims against deceased persons would be set at naught if it were permissible for claimants to put the assets of the deceased beyond the control of executors and the probate court and to obtain preferences and priorities through the garnishment of such assets. 4 Am. Jur., Attachment and Garnishment, p. 811, sec. 411.

It is unnecessary to consider respondent's arguments that a garnishment action pending at the date of death of the principal defendant survives and his executor may be substituted as such defendant, for in this case that garnishment was wiped out beyond possibility of revival by the insufficient proof of service or attempted service on the principal defendant. The trial court lost jurisdiction, if it ever had any, of the action and should have granted appellant's motion to dismiss it.

*By the Court.*—Order reversed and record remanded with directions to the trial court to enter an order dismissing the garnishment action.